# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DARRICK S. EUBANKS, JR., | |
| Plaintiff, | No. C23-2022-LTS |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| FAYETTE COUNTY JAIL and SHERIFF MARTY FISHER, | |
| Defendants. | |

This matter is before me on plaintiff Darrick Eubanks' pro se amended 42 U.S.C. § 1983 complaint (Doc. 4-1).  Eubanks also filed an amended motion (Doc. 4) to proceed in forma pauperis.  In his amended complaint, Eubanks asserts that while he was at the Fayette County Jail, a female guard strip searched him and touched him inappropriately.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Eubanks initially filed a complaint on March 2, 2023.  On March 3, 2023, I granted him 30 days to either pay the filing fee or file a motion to proceed in forma paupers that complied with the requirements set out in 28 U.S.C. § 1915(a).[1]  Doc. 2. In that same order, I noted several deficiencies in Eubanks' complaint, including that he did not name any proper defendants.  *Id*., at 2.  Thus, I gave him 30 days to file an

---

[1] Shortly after that order was entered, the court received a motion to proceed in forma pauperis from Eubanks that had been mailed the same day as his initial complaint.  *See* Doc. 3.

amended complaint. On March 20, 2023, Eubanks filed an amended complaint (Doc. 4-1) and an amended motion to proceed in forma pauperis (Doc. 4).

Eubanks did not submit the statutory filing fee.[2] *See* 28 U.S.C. § 1914(a) (requiring filing fee). Eubanks is currently incarcerated at the Anamosa State Penitentiary in Anamosa, Iowa. In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2).

Eubanks has submitted documents (Doc. 4) that substantially comply with the requirements set out above. Because it is clear that he does not have the assets necessary to pay the filing fee, his motion to proceed in forma pauperis is granted. However, even when the court deems it appropriate to grant a prisoner-plaintiff in forma pauperis status, that plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

---

[2] This includes the $350 filing fee set out by 28 U.S.C. § 1914(a) and the additional $55.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $55. . .").

Eubanks must pay an initial partial filing fee in the amount of twenty percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the documents Eubanks submitted, he currently has a negative account balance and has not yet made any deposits into his account. Thus, the institution having custody of Eubanks is directed to review his account, and, at such time that it is possible, provide an initial partial filing fee as calculated pursuant to 28 U.S.C. § 1915(b).

In addition to the initial partial filing fee, a prisoner-plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically:

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). After Eubanks pays in full the initial partial filing fee discussed above, the remaining installments shall be collected by the institution having custody of him. The Clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where Eubanks is an inmate.

## II. INITIAL REVIEW STANDARD

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). However, the Court may dismiss an in

3

Case 6:23-cv-02022-LTS-KEM    Document 6    Filed 06/27/24    Page 3 of 11

forma pauperis complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment. 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(b)(1) (requiring the Court to do an initial review of prisoner complaints).

In reviewing a prisoner or in forma pauperis complaint, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Pro se complaints, however, must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim pursuant to § 1915(e)(2), courts generally rely on the standards articulated pursuant to Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pursuant to § 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *id.* at 555, or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

### III. INITIAL REVIEW ANALYSIS

#### A. *§ 1983 Standard*

42 U.S.C. § 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be

4

subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

§ 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (§ 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. *Discussion*

Eubanks used the standard § 1983 form. At the start of the complaint, he listed Marty Fisher, "Sheriff of Jail," as the sole defendant and checked the box indicating he was suing him exclusively in his official capacity. Doc. 4-1 at 2. At the end of the complaint, seemingly confused by the complaint's directions, Eubanks listed "Fayette

5

County Jail" as the sole defendant. Doc. 4-1 at 10. I will consider both as defendants in this case. Eubanks went on to state that:

> I was illegally searched and touched inappropriately by a female correctional officer on the intake area Jodie is her first name they would never give me her last name. I made several complaints about not being able to speak with the PREA hotline or ombudsman because of the phones at Fayette County Jail not letting you call out them. I didn't want to tell any other jail staff about the assault for fear of them covering it up, retaliation and being targeted.
> …
> On December 7, 2022 between the hours of 4:00 pm – 7:00 pm correctional officer Jodie (last name unknown) took me from a holding cell to the back of intake had me strip naked and touched me inappropriately. I feel that Marty Fisher is at fault because even though it was male officers on duty I was searched by a female, also because I attempted to call ombudsmen and the PREA hotline couldn't get through because of the phones not allowing you to call I made another correctional officer aware of this and was told to file a grievance about not being able to get through on the phones I filed a grievance and was still never made available to contact the PREA hotline. I would like something to be done so no else will have to go through what I did.

Doc. 4-1 at 5, 6.

The Eighth Circuit has held that strip searches should be conducted by officers of the same sex, barring exigent circumstances. *Story v. Foote*, 782 F.3d 968, 972 (8th Cir. 2015) (citing *Richmond v. City of Brooklyn Center*, 490 F.3d 1002, 1008 (8th Cir. 2007)). However, despite my prior admonition that Eubanks file an amended complaint that "alleges the defendants who violated [his] rights" (*see* Doc. 2 at 3) Eubanks did not sue the opposite sex officer that allegedly searched and assaulted him. Rather, he sued the Fayette County Jail and the Fayette County Sheriff exclusively in his official capacity.

In *Will v. Michigan Dept. of State Police*, the Supreme Court ruled "that a State is not a person within the meaning of § 1983." 491 U.S. 58, 63 (1989). *See also Owens v. Scott Cty. Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county

6

Case 6:23-cv-02022-LTS-KEM   Document 6   Filed 06/27/24   Page 6 of 11

jails are not legal entities amenable to suit"); *Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *and De La Garza v. Kandiyohi Cty. Jail,* 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they were not suable entities). The Fayette County Jail is not a "person" within the meaning of § 1983. Thus, as a general matter, Eubanks' claim cannot proceed against it.

Municipalities may be found liable in a § 1983 case under limited circumstances, pursuant to the rationale articulated in *Monell v. Department of Social Servs. of New York*, 436 U.S. 658 (1978). *See Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). Similarly, "[a] suit against a public official in his official capacity is actually a suit against the entity for which the public official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). To impose § 1983 liability on a local government body, a plaintiff must show that an official policy or widespread practice caused a deprivation of a constitutional right. *Monell,* 436 U.S. at 690-91; *see also Clay v. Morgan*, 79 F. App'x 940, 941 (8th Cir. 2003) (affirming summary judgment for defendant because the plaintiff provided no evidence of "any policies or customs concerning the delay or denial of treatment to inmates with diseases like MS"). Regarding *Monell* liability, the Eighth Circuit has stated:

> Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an "official municipal policy," *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), (2) an unofficial "custom," id.; or (3) a deliberately indifferent failure to train or supervise, *see City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). Policy and custom are not the same thing. "[A] 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional

misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation." *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014).

*Corwin v. City of Independence*, 829 F.3d 695, 699–700 (8th Cir. 2016).

Even giving Eubanks' complaint the deference due pro se filings, he has failed to make a *Monell* allegation. He does not allege a policy, official or otherwise, that resulted in his search by an opposite sex guard. He simply makes the unsupported statement that the search happened "because" of defendant Marty Fisher. Because Eubanks does not allege that Marty Fisher and/or the Fayette County Jail has an official policy or widespread practice of having opposite sex guards conduct strip searches, he has failed to allege a *Monell* claim. As such, his official capacity claims must be denied.

To the extent Eubanks' claim is that he was sexually assaulted by the female guard, his claim fails for failure to name the guard as a defendant. There is nothing in his complaint that even suggests that there is a policy, official or otherwise, that guards should commit sexual assault on prisoners. Thus, by not naming the individual defendant who allegedly conducted the assault, Eubanks has failed to state a claim for which relief can be granted. Finally, to the extent Eubanks' claim is that he was denied access to the Prison Rape Elimination Act (PREA) hotline, he has failed to allege that denying him access to that hotline is a violation of his constitutional or civil rights. Even if he made such an allegation, it would fail. *See Wilmoth v. Sharp*, No. 6:15-CV-06057, 2018 WL 1092031, at *3 (W.D. Ark. Feb. 27, 2018), stating:

> While there appear to be no Eighth Circuit decisions on point, it is clear the PREA does not create such a cause of action pursuant to § 1983. "[O]ther courts addressing this issue have found that the PREA does not establish a private cause of action…." *Krieg v. Steele*, 599 Fed. Appx.

8

231, 232 (5th Cir.) (per curiam), cert. denied, 136 S. Ct. 238 (2015). *See also Diamond v. Allen*, No. 7:14–CV–124, 2014 WL 6461730, at *4 (M.D. Ga. Nov. 17, 2014) (citing cases); *Amaker v. Fischer*, No. 10–CV–0977, 2014 WL 4772202, at *14 (W.D.N.Y. Sept. 24, 2014) (noting that "every court to address the issue has determined that PREA cannot support such a cause of action by an inmate"); *Simmons v. Solozano*, No. 3:14CV–P354–H, 2014 WL 4627278, at *4 (W.D. Ky. Sept. 16, 2014) (holding that the PREA creates no private right of action).

## *IV. CONCLUSION*

For the reasons set forth herein:

1. Eubanks' amended motion (Doc. 4) to proceed in forma pauperis is **granted**. The Clerk's office shall docket the complaint (Doc. 4-1) without the prepayment of fees.

2. Eubanks must pay an initial partial filing fee in the amount of twenty percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). The institution having custody of Eubanks is directed to review his account, and, at such time that it is possible, provide an initial partial filing fee as calculated by pursuant to 28 U.S.C. § 1915(b) for each of the above captioned cases. Additionally, after he pays the initial partial filing fee, the institution having custody of him is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, he is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

3. Upon initial review, Eubanks' amended complaint (Doc. 4-1) is **dismissed** because it fails to state a claim upon which relief may be granted.

4. This dismissal could count as a strike under 28 U.S.C. § 1915(g). *See*

*Gonzalez v. United States*, 23 F.4th 788, 791 (8th Cir. 2022) (noting that although a district court cannot prospectively find that a plaintiff has accrued one or more strikes under § 1915(g) the court may alert the plaintiff about potential consequences of future litigation).

**IT IS SO ORDERED** this 27th day of June, 2024.

_____
Leonard T. Strand
United States District Judge

TO: **WARDEN/ADMINISTRATOR**
**Anamosa State Penitentiary, Anamosa, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Darrick S. Eubanks, Jr., No. 6831653, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Eubanks v. Fayette County Jail*, Case No. C23-2022-LTS. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. You are directed to review his account, and, at such time that it is possible, provide to the Clerk of Court an initial partial filing fee as calculated by pursuant to 28 U.S.C. § 1915(b) for the above noted case.

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after the inmate pays the initial partial filing fee, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed. If the inmate has been or is relocated to a different institution, please forward this Order and Notice to the institution having custody of him. Any institution having custody of the above-named inmate shall collect and remit the filing fees as set forth above.

s/ *jlh*   Deputy Clerk
Paul De Young
U.S. District Court Clerk
Northern District of Iowa